**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000702
14-JUL-2026
07:48 AM
Dkt. 92 SO**

NO. CAAP-24-0000702

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CORY M. FERREIRA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DCW-24-0001986)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant Cory M. Ferreira (**Ferreira**) appeals from the Notice of Entry of Judgment and/or Order entered on September 25, 2024, in the District Court of the First Circuit, 'Ewa Division (**District Court**).[1] Following a bench trial, Ferreira was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a).[2]

On appeal, Ferreira contends that the District Court erred in: (1) "admitting improper character evidence and speculative lay opinion that Ferreira 'feels like he's untouchable[]'"; (2) precluding Ferreira from "elicit[ing] evidence that there was no contact between [Ferreira] and

---

[1] The Honorable Tracy Fukui presided.

[2] HRS § 707-712 (2014) states, in relevant part:

> **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
>> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

[complaining witness] Sharlyn [Saloricman (**Sharlyn**)]"; (3) and "failing to conduct a constitutionally adequate Tachibana[3/] colloquy, resulting in an invalid waiver of Ferreira's fundamental right to testify." (Footnote and underlining added.) Ferreira also contends that there was insufficient evidence adduced at trial to support his conviction.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ferreira's contentions as follows, and vacate.

We find Ferreira's third contention – that the District Court failed to conduct a proper Tachibana colloquy – dispositive.

In State v. Martin, 146 Hawaii 365, 463 P.3d 1022 (2020), the Hawaii Supreme Court summarized the relevant case law as follows:

> Our law protects both the right to testify and the right not to testify. State v. Celestine, 142 Hawaii 165, 169, 415 P.3d 907, 911 (2018). Tachibana v. State, 79 Hawaii 226, 900 P.2d 1293 (1995), established the requirement that when a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right. 79 Hawaii at 236, 900 P.2d at 1303. We stated that this advisement should consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them. 79 Hawaii at 236 n.7, 900 P.2d at 1303 n.7. We also stated that in connection with the privilege against self-incrimination, the defendant should also be advised (4) that they have a right not to testify and (5) that if they do not testify, then the jury can be instructed about that right. Id. (citations omitted). In a bench trial, defendants must be advised that if they exercise their right not to testify, no inference of guilt may be drawn for exercising this right, i.e., that a decision not to testify cannot be used against a defendant by the judge in deciding the case. State v. Monteil, 134 Hawaii 361, 371-72, 341 P.3d 567, 577-78 (2014).
>
> After Tachibana, we also held that a second component of the Tachibana colloquy involves the court engaging in a true "colloquy" with the defendant. Celestine, 142 Hawaii at 170, 415 P.3d at 912, citing State v. Han, 130 Hawaii 83, 90-91, 306 P.3d 128, 135-36 (2013). This requires "a verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of

---

3/    Tachibana v. State, 79 Hawaii 226, 900 P.2d 1293 (1995).

> the proceedings and of the defendant's rights.'" <u>Celestine</u>,
> 142 Hawaiʻi at 170, 415 P.3d at 912 (citing <u>Han</u>, 130 Hawaiʻi
> at 90, 306 P.3d at 135 (emphasis omitted)).
>
> . . . .
>
> A defendant's right to testify is violated when the
> colloquy does not establish "an objective basis for finding
> that the defendant knowingly, intelligently, and voluntarily
> gave up" their right to testify.  <u>Han</u>, 130 Hawaiʻi at 91,
> 306 P.3d at 136.  Courts look to the totality of the facts
> and circumstances to determine whether a waiver of the right
> to testify was voluntarily and intelligently made.  130
> Hawaiʻi at 89, 306 P.3d at 134.

<u>Id.</u> at 378-79, 463 P.3d at 1035-36 (footnote and brackets omitted).

The supreme court has found <u>Tachibana</u> advisements deficient where they "did not fully advise [the defendant] of his rights . . . ."  <u>State v. Pomroy</u>, 132 Hawaiʻi 85, 92, 319 P.3d 1093, 1100 (2014).  In <u>Pomroy</u>, for example, the supreme court ruled that the trial court's ultimate <u>Tachibana</u> colloquy "incompletely followed Tachibana's directive" because it failed to advise the defendant that he had the right not to testify and that no one could prevent him from testifying.  <u>Id.</u> at 92, 319 P.3d at 1100.  Similarly, in <u>State v. Eduwensuyi</u>, the supreme court found that the trial court's ultimate <u>Tachibana</u> colloquy was deficient because it failed to advise the defendant that no one could prevent him from testifying.  141 Hawaiʻi 328, 333, 409 P.3d 732, 737 (2018).

Here, before the defense rested, the District Court engaged in the following colloquy with Ferreira:

> THE COURT:  Okay.  Remember we discussed in the
> beginning about your right to testify or not testify?
>
> [FERREIRA]:  Yes.
>
> THE COURT:  Okay.  And <u>do you recall</u> if you do choose
> to testify how I'm supposed to view that testimony?  <u>Do you</u>
> <u>remember what I said</u>?
>
> [FERREIRA]:  Yes.
>
> THE COURT:  What did I say?
>
> [FERREIRA]:  Um -- something about probation and a
> year in jail or something.
>
> THE COURT:  Oh, that's the max.  I'm not –

[FERREIRA]: Oh.

THE COURT: -- (indiscernible) -- I'm talking about whether you choose to testify or not.

[FERREIRA]: Oh. Anything that --

What?

[DEFENSE COUNSEL]: Okay. (Indiscernible). Do you understand that?

[FERREIRA]: That I have the right to testify.

[DEFENSE COUNSEL]: Okay. All right.

THE COURT: Uh –

[DEFENSE COUNSEL]: Go ahead. Ask the question again.

THE COURT: -- I'll just -- I'll ask it.

So do you remember we talked -- we had talked in the beginning about your decision to testify or not testify. Remember? I went through a bunch of questions, about what you understood about that. Do you remember that?

[FERREIRA]: No.

THE COURT: No?

[FERREIRA]: No.

THE COURT: Okay. Let's go over it thoroughly again.

[FERREIRA]: Okay.

THE COURT: Okay. And your mind is clear, right? (Indiscernible) --

[FERREIRA]: Yes, yes, yes.

THE COURT: -- influence or -- okay.

I told you that if you choose to testify, I'm required to view your testimony and credibility as I would any other witness. That's how I'm supposed to judge it. Do you –

[FERREIRA]: Yes.

THE COURT: -- understand that?

[FERREIRA]: Yes.

THE COURT: Okay. And then do you remember if -- if you do choose to testify that your attorney will be able to ask you questions and also the prosecutor will be able to ask you questions. Do you remember that?

[FERREIRA]: Yes.

4

THE COURT: Okay. Do you have any questions about what will happen if you choose to testify?

[FERREIRA]: Um -- no.

THE COURT: Okay. You also have a constitutional right not to testify. <u>Do you remember me saying that</u>?

[FERREIRA]: Yes.

THE COURT: And if you choose not to testify, I cannot hold that against you in making my decision in this case. Do you understand that?

[FERREIRA]: Yes.

THE COURT: In other words, I can't use your silence against you is another way of saying it. Do you understand that?

[FERREIRA]: Yes.

THE COURT: Okay. Do you have any questions about what would happen if you choose not to testify?

[FERREIRA]: No.

THE COURT: Okay. And <u>do you remember</u> when I told you about -- about I'll give you an opportunity to, um -- talk with your attorney? Whose decision is it whether or not you testify?

[FERREIRA]: Um -- yes. Mine.

THE COURT: Yeah, --

[FERREIRA]: Yes.

THE COURT: -- yours. Yours and yours alone. Okay?

And he can make suggestions to you and advise you, but only you can make that decision. Do you understand?

[FERREIRA]: Yes.

THE COURT: Okay. So right now I'm gonna give you the opportunity do -- to discuss with your attorney. All right? And then you guys can tell me –

[DEFENSE COUNSEL]: Okay. (Indiscernible) --

THE COURT: -- what you decide.

[DEFENSE COUNSEL]: May we ask for a brief recess? My client wants --

THE COURT: Yes.

[DEFENSE COUNSEL]: -- talk a little bit further.

(Emphases added.)

After a several minute break, the exchange continued:

> THE COURT: All right. Um -- Mr. Ferreira, have you come to a decision?
>
> [FERREIRA]: Um -- I choose not to testify.
>
> THE COURT: Okay. Um -- and has anyone forced you to make that decision?
>
> [FERREIRA]: No.
>
> THE COURT: The choice is yours and yours alone?
>
> [FERREIRA]: Yes.
>
> THE COURT: Okay.
>
> All right. Uh -- the court finds you knowingly, voluntarily, and intelligently waive your right to testify.

There are a few problems with this ultimate colloquy. First, it appears that the District Court did not directly, at least discernibly, inform Ferreira that he had a right to testify. Based on Ferreira's response to the court's statement, "I'm talking about whether you choose to testify or not[,]" and defense counsel's related question, "Do you understand that?" we might infer that Ferreira understood he "ha[d] the right to testify[,]" but the court's advisement of that right should have been clear and direct. Second, and relatedly, the court failed to advise Ferreira that if he wanted to testify, no one could prevent him from doing so. This failure in and of itself rendered the colloquy legally deficient. See Eduwensuyi, 141 Hawaiʻi at 333, 409 P.3d at 737. Third, the court impaired its ability, and ours, to ascertain whether Ferreira actually understood his rights by repeatedly asking him whether he remembered or recalled the court's pretrial advisements, without then determining whether he understood them or the corresponding rights. Having a defendant confirm that he recalls an earlier advisement about, for example, the right not to testify does not confirm that he understands that right. Given the totality of the circumstances, we cannot conclude that Ferreira's waiver of his right to testify was knowingly, voluntarily, and intelligently made.

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the

6

State can prove that the violation was harmless beyond a reasonable doubt."  <u>Tachibana</u>, 79 Hawaiʻi at 240, 900 P.2d at 1307 (citing <u>State v. Silva</u>, 78 Hawaiʻi 115, 125, 890 P.2d 702, 712 (App. 1995)).  Here, the record does not contain any indication of what Ferreira would have said if he had testified.  <u>See</u> <u>State v. Hoang</u>, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000) (quoting <u>Silva</u>, 78 Hawaiʻi at 126, 890 P.2d at 713).  Based on our review of the record, we cannot conclude that the District Court's deficient colloquy was harmless beyond a reasonable doubt.  We therefore vacate Ferreira's conviction.

Because Ferreira challenges the sufficiency of the evidence supporting his conviction, we must address this issue in order to determine whether he may be retried.  <u>See</u> <u>State v. Davis</u>, 133 Hawaiʻi 102, 104, 324 P.3d 912, 914 (2014).  We review the sufficiency of evidence on appeal as follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

<u>State v. Yuen</u>, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024) (brackets omitted) (quoting <u>State v. Richie</u>, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)).  "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  <u>Id.</u> (quoting <u>Richie</u>, 88 Hawaiʻi at 33, 960 P.2d at 1241).

To establish that Ferreira committed Assault in the Third Degree, the State was required to prove that he intentionally, knowingly, or recklessly caused bodily injury to Sharlyn.  <u>See</u> HRS § 707-712(1)(a).  Ferreira contends, however, that "insufficient evidence was adduced at trial to support the allegation that Ferreira made physical contact with Sharlyn . . . ."

At trial, Sharlyn testified that she and her sister were arguing, with Sharlyn inside and her sister and Ferreira outside the house.  Ferreira approached and tried to open the

7

door, which Sharlyn's mother had locked.  Ferreira told Sharlyn, "I no give a fuck" and then punched through the screen door.  His closed fist made contact with Sharlyn's face on the bridge of her nose.  She testified that she felt pain, her nose was bleeding and there was a scratch to her nose.  Sharlyn's mother also testified that Ferreira punched the screen door, it made a hole, and he struck Sharlyn.  As the trier of fact, the District Court was free to believe Sharlyn and her mother's account of events.  See State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citing Lono v. State, 63 Haw. 470, 473, 629 P.2d 630, 633 (1981)).  On this record, substantial evidence supported the District Court's finding that Ferreira recklessly caused bodily injury to Sharlyn.

For the reasons discussed above, the September 25, 2024 Notice of Entry of Judgment and/or Order is vacated and the case is remanded to the District Court for a new trial.

DATED:  Honolulu, Hawaiʻi, July 14, 2026.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge